**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| SALLYPORT GLOBAL SERVICES, LTD., | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:25-cv-01128-TMD |
| | ) | |
| vs. | ) | The Hon. Judge Thompson M. Dietz |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**CONSENT MOTION FOR LEAVE TO INTERVENE**

Vectrus Systems LLC ("Vectrus"), acting by and through its counsel, moves to intervene as of right in the above-captioned action pursuant to RCFC 24(a). In the alternative, Vectrus seeks leave to intervene by permission under RCFC 24(b). Counsel for Vectrus has conferred with counsel for Plaintiff Sallyport Global Services, Ltd. and Sallyport Global Holdings, Inc. (collectively, "Sallyport") and for Defendant United States, neither of which opposes this motion.

Vectrus is an awardee under Solicitation No. FA863025RB014 issued by the United States Air Force ("Air Force") that is the subject of Sallyport's protest and is therefore an interested party. The grounds for this motion are more fully set forth below.

**STATEMENT OF THE CASE**

This is a bid protest action challenging the Air Force's decision to award a sole source contract (Contract No. FA863025CB017 (FMS Requirement)) for Base Operations Support, Base Life Support and Security ("BBS") at Ali Flaih Air Base ("AFAB")—formerly Balad Air Base—to Vectrus as part of a Foreign Military Sale ("FMS") to Iraq.

**ARGUMENT**

I.   **VECTRUS SHOULD BE PERMITTED TO INTERVENE IN THIS ACTION AS A MATTER OF RIGHT.**

RCFC 24(a) provides, in pertinent part:

> **Intervention of Right.** On timely motion, the court must permit anyone to intervene who: . . . **(2)** claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

For the reasons stated below, Vectrus meets each of the requirements of the rule and should be permitted to intervene as a matter of right.

First, Vectrus's application for intervention is timely.  This action was filed on July 3, 2025. On July 2, as a result of Sallyport's Pre-Filing Notification, outside counsel for Vectrus notified counsel for Sallyport and for the United States that Vectrus would seek to intervene in the action, and requested both parties' consent to the intervention, which was granted.  This consent motion is being filed the same day as the filing of the complaint.

Second, Vectrus unquestionably "claims an interest relating to the property or transaction which is the subject of this action" as stated in RCFC 24(a), because Vectrus has been selected for award of the contract at issue in this protest.

Third, given that Vectrus's position as the entity selected for award of the contract that is the subject of this action, the disposition of this action in Sallyport's favor would plainly impair and impede Vectrus's interest in obtaining and performing the disputed sole source contract and earning the benefits accruing from that performance.

Finally, Vectrus's interests may not be adequately represented by the United States.  Vectrus expects that its position on Sallyport's claims will be consistent with that of the United States and recognizes that its interests in this action are generally aligned with those of the United States, but

the United States and the Air Force have institutional interests in this matter that are distinct from the private interests of Vectrus.

The Federal Circuit has stated: "[T]he requirements for intervention are to be construed in favor of intervention . . . ." *American Maritime Transport, Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989); *accord Am. Renovation & Constr. Co. v. United States*, 65 Fed. Cl. 254, 257 (2005); *Northrop Grumman Information Technology, Inc. v. United States*, 74 Fed. Cl. 407 (2006). In bid protest actions, this Court routinely permits the awardee or party selected for contract award to intervene. *See, e.g., Coastal Intern. Sec., Inc. v. United States*, No. 09-667C, 2010 WL 2802643 (Fed. Cl. July 14, 2010); *Overstreet Elec. Co. v. United States,* 59 Fed. Cl. 99 (2003); *SDS Int'l v. United States*, 48 Fed. Cl. 742 (2001).

In one similar case, L-3 moved to intervene on the grounds that it had been selected as the awardee of a sole-source contract. *DataPath, Inc. v. United States*, 87 Fed. Cl. 162 (2009). The Court granted L-3's motion. *Id.*  In fact, this Court often has allowed intervention by parties who had less substantial interests in the protested procurement than Vectrus has in this one or that L-3 had in *DataPath. See Benefits Consulting Associates, LLC v. United States*, No. 09-827C, 2010 WL 2163094 (Fed. Cl. May 14, 2010) (allowing one of several offerors in the competitive range to intervene); *Information Sciences Corp. v. United States*, 80 Fed. Cl. 759 (2008) (allowing a party with a "substantial chance" of being awarded the contract to intervene).

For these reasons, Vectrus satisfies all requirements for intervention of right under RCFC 24(a) and is entitled to intervene on that basis.

## II.    ALTERNATIVELY, VECTRUS SHOULD BE PERMITTED TO INTERVENE PERMISSIVELY.

Even if Vectrus were not entitled to intervene as of right under RCFC 24(a)—which it is—

Vectrus should be permitted to intervene permissively under RCFC 24(b). RCFC 24(b) states, in

pertinent part:

> **Permissive Intervention.**
> **(1) *In General*.** On timely motion, the court may permit anyone
> to intervene who:
> . . .
> **(B)** has a claim or defense that shares with the main action a
> common question of law or fact.
> . . .
> **(3) *Delay or Prejudice***. In exercising its discretion, the court must
> consider whether the intervention will unduly delay or prejudice
> the adjudication of the original parties' rights.

Vectrus's request for intervention also satisfies the requirements for permissive

intervention.  As the party selected for the sole source award of the contract that is the subject of

this action, Vectrus will advance defenses to the complaint establishing that each of Sallyport's

claims is erroneous as a matter of both fact and law.  Accordingly, Vectrus's defenses have

common questions of both fact and law with the main action.  In addition, as established, this

motion is timely.  Finally, Vectrus will agree to the schedule for briefing and argument of this

action as proposed by the Court.  The proposed intervention will therefore cause no delay or

prejudice to the rights of the original parties.  On the contrary, Vectrus believes that its participation

as a party to this action will assist the Court in obtaining a complete and accurate understanding

of the facts and regulatory law applicable to Sallyport's claims.

## CONCLUSION

For the foregoing reasons, Vectrus respectfully requests that this Court find that Vectrus

must be permitted to intervene in this action as of right pursuant to RCFC 24(a).  In the alternative,

Vectrus respectfully requests that this Court exercise its discretion to permit Vectrus to intervene pursuant to RCFC 24(b).


Dated: July 3, 2025

Respectfully submitted,

*/s/ Michael F. Mason*
Michael F. Mason
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street NW
Washington, D.C. 20004
Tel: 202.637.5600
Fax: 202.637.5910
mike.mason@hoganlovells.com

OF COUNSEL

Thomas B. Hunt
HOGAN LOVELLS US LLC
8350 Broad Street, 17th Floor
Tysons, VA 22102
Tel: 703.610.6120
Fax: 703.610.6200
thomas.hunt@hoganlovells.com

***Attorney of Record for Intervenor***
***Vectrus Systems LLC***

5